Filed 3/9/21  P. v. Lainez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B299431 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA432307) |
| v. | |
| JACOB LAINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Gary A. Lieberman, Deputy Attorneys General for Plaintiff and Respondent.

# INTRODUCTION

Jacob Lainez appeals from an order summarily denying his petition for resentencing under Penal Code section 1170.95[1] on his first degree murder conviction.  Lainez argues that his petition stated a prima facie case for relief and that the superior court erred in denying the petition without appointing counsel and holding an evidentiary hearing.  Because the record of conviction establishes Lainez is not entitled to relief as a matter of law, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

### A.     A Jury Convicts Lainez of Felony Murder

Lainez entered a medical marijuana dispensary with two other men.  The three men waited in the reception area while the owner, Aran Sashoyan, helped another customer.  When the customer left through the security door, Lainez grabbed the door and propped it open with a chair.  One of the other men approached Sashoyan and pointed a gun at him.  When the gunman and Sashoyan began to struggle, Lainez joined the fight.  Lainez tackled Sashoyan, kicked him, punched him in the head, and then held him down while the gunman hit Sashoyan with his gun.  The third man robbed the store, taking cash and marijuana.  When the third man was finished, he tugged on the back of Lainez's shirt, signaling it was time to leave.  Lainez, however, continued to hold down Sashoyan, while the other man continued to beat him.  Eventually, Lainez got up and fled the dispensary.  The gunman shot Sashoyan twice in the head, killing him.

---

[1]     Statutory references are to the Penal Code.

In June 2017 a jury convicted Lainez on one count of first degree felony murder with the special circumstance finding he was engaged in a robbery (§§ 187, subd. (a), 190.2, subd. (a)(17)) and one count of second degree robbery (§ 211).  The trial court sentenced Lainez to life in prison without the possibility of parole, and we affirmed the judgment.  (*People v. Lainez* (Apr. 9, 2018, B284080) [nonpub. opn.].)

###### B.     *Lainez Files a Petition for Resentencing*

On May 6, 2019 Lainez, representing himself, filed a petition for resentencing under section 1170.95 and asked the court to appoint counsel.  The superior court summarily denied the petition, ruling "the jury was instructed re aiding and abetting a robbery and aiding and abetting in terms of the special circumstances."  The superior court observed that the trial court instructed the jury consistent with the Supreme Court's decision in *People v. Banks* (2015) 61 Cal.4th 788 and that, in finding the special circumstance allegation true, the jury had to find Lainez either had the intent to kill or was a major participant in the crime who acted with reckless indifference to human life.  Based on this record, the superior court concluded "the jury necessarily found petitioner's conduct was within the meaning of the 2019 amendment to Penal Code section 189[, subdivision] (e)(2) and/or (e)(3)."  Lainez appealed from the order summarily denying his petition.[2]

---

[2]     Lainez's attorney initially filed a brief raising no issues. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  We requested, and the parties filed, supplemental briefing on the following issues:  (1) May superior

3

## DISCUSSION

A. *The Legislature Enacts Senate Bill No. 1437 and Establishes the Petition Procedure Under Section 1170.95*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4), which became effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839) and significantly limited the felony-murder exception to the malice requirement for murder. (See §§ 188, subd. (a)(3), 189, subd. (e); see, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, petn. for review pending, petn. filed Jan. 15, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.) Senate Bill No. 1437 also authorized, through new section 1170.95, a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and for resentencing on any remaining counts if he or she could not now be convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (See *Gentile*, at pp. 852-853; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

---

courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95? (2) When does the right to appointed counsel arise under section 1170.95, subdivision (c)? The Supreme Court granted review to decide these issues in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.

4

If the petition contains all required information, section 1170.95, subdivision (c), prescribes the process for determining whether the court should issue an order to show cause:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

> B.     *Lainez's Interpretation of Section 1170.95,*
> *Subdivision (c), Is Incorrect*

Section 1170.95, subdivision (c), prescribes a two-step review process for determining whether the court should issue an order to show cause, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief."  (*Verdugo, supra,* 44 Cal.App.5th at p. 328, review granted.)  At the first step, "because a petitioner is not eligible for relief under section 1170.95 unless he or she was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict

5

form or factual basis documentation for a negotiated plea; and the abstract of judgment.  Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder.  The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437's amendments to sections 188 and 189." (*Verdugo*, at pp. 329-330.) The court must appoint counsel if the court does not determine the petitioner is ineligible for relief as a matter of law at this first subdivision (c) prima facie review.  (*Id*. at p. 332; see *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted Mar. 18, 2020, S260598.)

Once the court issues an order to show cause, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1); see *Verdugo*, *supra*, 44 Cal.App.5th at p. 327, review granted.)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez, supra*, 58 Cal.App.5th at p. 237, petn. for review pending; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.)  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review

6

granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

Lainez contends that, once the petitioner submits a facially valid petition, the superior court must appoint counsel. Lainez argues that his "petition stated a prima facie case showing he falls within the provisions of [section 1170.95, subdivision (c)], thereby triggering the trial court's obligation to appoint counsel and proceed in the manner directed by the subdivision. Nothing in the subdivision authorizes a trial court, prior to the appointment of counsel, to go [beyond] the face of a petition to determine if it states a prima facie case of eligibility for relief." Lainez urges us to follow *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, where the court held: "We decline to adopt the view that section 1170.95(c) requires two prima facie reviews—much less two reviews that are substantively different—and entitles a petitioner to counsel during only the second one. Rather, we read subdivision (c)'s first sentence—'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section'—as a topic sentence summarizing the trial court's task before issuing an order to show cause, and the following sentences to specify the procedure in undertaking that task." (*Cooper,* at p. 118.)

We do not read section 1170.95, subdivision (c) that way.[3] As we explained in *Verdugo*: "The first sentence of section

---

[3]     "[O]ur analysis of the trial court's order focuses on the trial court's interpretation of section 1170.95(c), and we therefore review its order de novo." (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 981; see *ZB, N.A. v. Superior Court* (2019)

7

1170.95, subdivision (c), directs the court to review the petition and determine if the petitioner has made the requisite prima facie showing. The second sentence provides, if the petitioner has requested counsel, the court must appoint counsel to represent him or her. The third sentence requires the prosecutor to file and serve a response to the petition within 60 days of service of the petition and permits the petitioner to file a reply to the response. The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence: first, a prima facie showing; thereafter, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo, supra,* 44 Cal.App.5th at p. 332, review granted; accord, *People v. Perez* (2020) 54 Cal.App.5th 896, 903, review granted Dec. 9, 2020, S265254; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.) Unless and until the Supreme Court directs otherwise, we adhere to *Verdugo* and the cases that have followed it.

C. *The Superior Court Did Not Err in Examining the Record of Conviction and Concluding Lainez Failed To Make a Prima Facie Showing*

In denying Lainez's petition, the superior court examined the record of conviction, including our prior opinion, and ruled Lainez was ineligible for relief as a matter of law. Lainez contends the superior court erred because the "clear language" of section 1170.95, subdivision (c), "says nothing suggesting a trial court is entitled to conduct a review beyond the face of the

_____

8 Cal.5th 175, 188 [questions of statutory interpretation are reviewed de novo].)

8

petition and, by reference to extraneous information, decide the validity of the petition."

To make a prima facie showing under section 1170.95, subdivision (a), the petitioner must show not only that he or she was charged with, and convicted of, murder under a felony murder or natural and probable consequences theory, but also that he or she could not now be convicted of murder—that is, that he or she could not be convicted of malice murder as defined in section 188 or felony murder as now limited by section 189, subdivision (e).  As we held in *Verdugo*, after determining the petition is facially sufficient and before appointing counsel, the superior court may examine the readily available portions of the record of conviction to determine whether the petitioner has made this prima facie showing or whether, instead, the record of conviction establishes, as a matter of law, that the petitioner could still be convicted of first or second degree murder. (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, 332, review granted; see *People v. Tarkington*, *supra*, 49 Cal.App.5th at p. 898 ["[t]he court must determine, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief as a matter of law"], review granted; *People v. Offley* (2020) 48 Cal.App.5th 588, 597 ["[t]he trial court may examine the record of conviction"].)  A court of appeal opinion, "whether or not published, is part of the appellant's record of conviction." (*Verdugo*, at p. 333, review granted; see *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1136, fn. 7 ["[t]he record of conviction includes a reviewing court's opinion"], review granted.)

Based on an examination of Lainez's record of conviction, the superior court correctly ruled Lainez was not eligible for

9

relief.  The trial court at Lainez's trial instructed the jury:  "You cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that [Lainez] with the intent to kill aided, abetted, or assisted any actor in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant aided, abetted, or assisted in the commission in the crime of robbery which resulted in the death of a human being, namely Aran Sashoyan."  The trial court also instructed the jury to consider, in determining whether Lainez was a major participant, the six factors identified by the Supreme Court in *People v. Banks*, *supra*, 61 Cal.4th 788 and, in determining whether he acted with reckless indifference to human life, whether he knew or was aware his acts involved "a grave risk of death to an innocent human being."  Because the jury found the special circumstance allegation true, Lainez could still be convicted of murder under section 189, subdivision (e), and therefore is not eligible for relief under section 1170.95.

## DISPOSITION

The order denying Lainez's petition for resentencing under section 1170.95 is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.                    FEUER, J.


10